McGrew v. The Town of Lettsville et al.

Reisch v. The Same.

1. **Cities and Towns**: VACATION OF PLAT: WHO MAY VACATE: "PRO-PRIETORS:" CODE, §§ 563, 564. Under the provisions of §§ 563 and 564 of the Code, not only the original proprietors of a town plat may vacate the same, or a portion thereof, but persons who have acquired title from such original proprietors may exercise the power conferred by the statute. (Compare *Lorenzen v. Preston*, 53 Iowa, 580, and *Conner v. Iowa City*, 66 Id., 419.)

2. ———: ———: EFFECT ON CORPORATION BOUNDARIES. The vacation of a portion of a town plat does not have the effect to take the vacated portion out of the corporation,

*Appeals from Louisa Circuit Court.*

WEDNESDAY, MARCH 9.

ACTION in chancery to restrain defendants, the town of Lettsville and its officers, from opening certain streets and alleys, which plaintiffs aver have been vacated. A motion to dissolve a temporary injunction allowed in the case, made after answer, and after an agreed statement of facts was filed by the parties, was overruled, and thereupon defendants appeal. The causes being alike as to the facts and pleadings, are submitted together.

*E. W. Tatlock* and *Brannan, Jayne & Hoffman*, for appellants.

*R. Caldwell*, for appellee.

BECK J.—I. The record before us shows that plaintiffs owned separately certain lots and blocks in the town of

*1. CITIES and towns: vacation of plat: who may vacate: "proprietors:" Code, §§ 563, 564.*

Lettsville, which were used, with other lands they owned adjacent thereto, for agricultural purposes; no streets or alleys ever having been opened through them. They united in a written instrument, prescribed by Code, § 563, for the purpose of vacating that part of the town plat covering the blocks, lots and streets in question. We think the record

shows that plaintiffs are the separate owners of the lots in question in this suit. The statute just referred to authorizes the vacation of the whole of a town plat by the proprietors, at any time before sale of any of the lots, by an instrument of the character of the one executed by plaintiffs. Section 564 provides that "any part of a plat may be vacated, under the provisions, and subject to the condition, of this chapter, provided such vacating does not abridge or destoy any of the rights and privileges of other proprietors in said plat, and providing, further, that nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law."

We are of the opinion that the term "proprietors," used in the chapter in which these sections are found, indicates the owners of the land, and not alone the persons. who originally plat the land; and that owners who have acquired title from such original proprietors may exercise the power conferred by the chapter. The section just quoted contemplates the case of separate proprietors, having distinct and separate interests; and the same is true of sections 565 and 567, which confer upon them the powers to vacate part of a town plat. This court has recognized this rule in *Lorenzen v. Preston*, 53 Iowa, 580, and *Conner v. Iowa City*, 66 Id., 419.

II. Counsel for defendants insist that the instrument executed by plaintiffs is insufficient, for the reason that it does not describe by lots and blocks the part of the plat vacated. It is sufficient to say, in reply to this objection, that it so refers to and describes the lots and blocks that it can be understood with absolute certainty what part of the plat is vacated. This is sufficient.

III. It will be remembered that the authority conferred upon the owners to vacate a part of a plat, where exercised,

2. ——: ——: does not have the effect to limit the boundaries

effect on corporation: of an incorporated town, and to take that part

boundaries. of which the plat is vacated out of the corpora-

tion. It, therefore, does not affect the authority of the cor-

poration over the lands covered by the part of the plat which is vacated.

IV.   The record before us shows that, as the streets and alleys were never opened, the vacation does not abridge or destroy any of the rights of any owner of land within the town.   Code, § 564.   The vacation was therefore lawfully made.

We reach the conclusion that the circuit court did not err in overruling the motion to dissolve the temporary injunction.

AFFIRMED.