THE CITY OF LAMOURE, a Municipal Corporation, Charles A. Finch, E. W. Field, and Christian Deisem v. M. C. LASELL and Deitrich Suemper and Henry Harke, Manchester State Bank, a Corporation, Romain F. Beeber, and Ada Woodward.

(145 N. W. 577.)

**Complaint — allegations — incomplete and defective — remedy — not by demurrer — motion to make definite — bill of particulars.**

1. Where the allegations of a complaint are simply imperfect, incomplete, and defective in form, rather than in substance, the remedy is not by demurrer, but by a motion to make more definite and certain, or for a bill of particulars.

**Complaint — form — substance — motion to make definite.**

2. The complaint in this action is lengthy, and is sufficiently set out in the opinion, and it is *held* that in matters of form it is at most only subject to attack for incomplete and imperfect statements, and that the remedy for its defects is by motion to make more definite and certain, or for a bill of particulars, rather than a general demurrer.

**Municipality — suits — parties — city — vacation of part of plat.**

3. A municipality is regarded as the representative of the public for the purpose of maintaining suits in equity or at law for the vindication of public

rights; hence a city is a proper party plaintiff in an action to cancel an attempted vacation of a part of the plat of an addition to the city, and to enjoin the fencing and obstruction of streets therein by the party so attempting to vacate by declaration of vacation.

**Adverse claims — action to determine — city may maintain — streets, alleys, and parks.**

4. Section 7519, Rev. Codes 1905, authorizes the maintenance of an action to determine adverse claims to real property by any persons having an estate or interest in, or lien or encumbrance upon, real property, whether in or out of possession thereof, . . . against any person claiming an estate or interest in, or lien or encumbrance upon, the same, for the purpose of determining such adverse estate, interest, lien, or encumbrance. *Held* that the city may maintain an action under such section to determine the rights of a party claiming title in fee to streets, alleys, and parks dedicated to public use.

**Additions to city — purchasers of lots — presumption — vacation of part of plat — arbitrary action — judicial question.**

5. Parties purchasing lots in an addition to a city are presumed to purchase with reference to the convenience of access to the lots from others points, to facilities for drainage, securing water, and accessibility to public parks and other similar influences, and all such may enter into the consideration for the purchase. When there is shown an attempt to vacate a large part of the plat of an addition to a city, which was dedicated long before plaintiffs, who were such purchasers, made their purchases, an attempted vacation made under the provisions of § 2941, Rev. Codes 1905, which authorizes the vacation of any part of a plat, when such vacation does not abridge or destroy any of the rights and privileges of other proprietors in said plat, is made subject to objection by such purchasers, and when objection is made, the abridgment or destruction of their rights becomes a judicial question, and in such case a portion of a plat cannot be arbitrarily vacated simply by the execution and filing of a declaration of vacation.

**City — streets — sidewalks — public work — rights acquired — infringement.**

6. Where the city has improved the streets and alleys and laid cross walks, sewers, and water mains, ordered sidewalks constructed, and done other acts of a public nature, and at the expense of the city, within part of a plat attempted to be vacated by the filing of a declaration of vacation, the city has acquired rights which would be infringed or destroyed by the vacation of the plat, of which it cannot be deprived, at least without its consent.

Opinion filed January 24, 1914.

Appeal from an order of the District Court of LaMoure County overruling a demurrer to plaintiffs' complaint seeking to determine the

rights of the city and other parties in the streets, alleys, and parks of a portion of Northern Pacific addition to the city of LaMoure, and to enjoin the defendants from obstructing, closing, and otherwise interfering with the streets, alleys, etc., in such addition, *Hon. J. A. Coffey, J.*

Affirmed.

*Lasell & Knapp,* for appellants.

The demurrer of the defendants should have been sustained. The test as to whether a complaint can resist attack by demurrer is whether the demurring party could admit *all* there is in the complaint and still escape liability. Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441.

Plaintiffs have mistaken their remedy. The nature of the action is determined by the prayer for relief. Where the facts as set forth by the pleader are in doubt, resort may be had to the prayer to ascertain what the pleader means or intends. 31 Cyc. 111; Gillett v. Tregange, 13 Wis. 472, 7 Mor. Min. Rep. 432; Topping v. Parish, 96 Wis. 378, 71 N. W. 367.

The action seems to have for its object the quieting of title in the city, in the *streets* and *alleys* of N. P. addition to city. Such action is not proper, because abutting property owners own to the middle of the streets. Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441.

Recitals of an instrument which are incorporated into a pleading are not averments, and tender no issue. Omaha Sav. Bank v. Rosewater, 1 Neb. (Unof.) 723, 96 N. W. 68.

Where a pleading is doubtful, after giving its language a reasonable construction, it should be resolved against the pleader. J. Thompson & Sons Mfg. Co. v. Perkins, 97 Iowa, 607, 66 N. W. 875; Lampman v. Bruning, 120 Iowa, 167, 94 N. W. 562.

All essential facts must be stated definitely, and not left to inference. 1 Estes, Code Pl. 4th ed. pp. 166, 218; Moore v. Bessie, 30 Cal. 572; Hicks v. Murray, 43 Cal. 522; Elwood v. Gardner, 45 N. Y. 349; First Nat. Bank v. Laughlin, 4 N. D. 391, 61 N. W. 473; Jasper v. Hazen, 2 N. D. 401, 51 N. W. 583; Green v. Palmer, 15 Cal. 411, 76 Am. Dec. 492; 4 Enc. Pl. & Pr. 600; McConnoughey v. Weider,

2 Iowa, 408; Miller v. Van Tassel, 24 Cal. 459; Baltzell v. Nosler, 1 Iowa, 588, 63 Am. Dec. 466; Thompson v. Munger, 15 Tex. 523, 65 Am. Dec. 176.

In such an action it must appear from the complaint that plaintiff had some right, and that there had been a violation of such right. Emerson v. Nash, 124 Wis. 369, 70 L.R.A. 326, 109 Am. St. Rep. 944, 102 N. W. 921.

The law of this state does not permit plaintiff city to bring an action to quiet title. Milwaukee Trust Co. v. Van Valkenburgh, 132 Wis. 638, 112 N. W. 1083; Manning v. School Dist. 124 Wis. 84, 102 N. W. 356; Miller v. Bayer, 94 Wis. 123, 68 N. W. 869; Kliefoth v. Northwestern Iron Co. 98 Wis. 495, 74 N. W. 356.

*Jones & Hutchinson,* for respondent.

The city of LaMoure is the proper party plaintiff in this action, and has the right to maintain. It is interested in its streets, alleys, and parks, and in protecting the rights of the public in same. Methodist Episcopal Church v. Hoboken, 33 N. J. L. 13, 97 Am. Dec. 696; Lynde v. Budd, 2 Paige, 191, 21 Am. Dec. 84, and cases cited.

The platting and recording of an addition to a city, the use of such addition by the city, the keeping up of the streets and sidewalks therein by the city, constitute a complete dedication thereof to the public use. Corning & Co. v. Woolner, 206 Ill. 190, 69 N. E. 53; Clark v. McCormick, 174 Ill. 164, 51 N. E. 215.

The sale and conveyance of lots in a town or city, and according to its plat, imply a grant or covenant to the public that the streets and alleys shall be forever open to the public use, free from all claim of the proprietors. Cole v. Minnesota Loan & T. Co. 17 N. D. 409, 117 N. W. 354, 17 Ann. Cas. 304.

The proprietors of an addition to a city, after dedication and sale of lots, cannot, by mere declaration, vacate a part of such addition, and deprive the public of the use of the streets, etc., therein. Chrisman v. Omaha & C. B. R. & Bridge Co. 125 Iowa, 133, 100 N. W. 63; State v. Leaver, 62 Wis. 387, 22 N. W. 576; Reilly v. Racine, 51 Wis. 526, 8 N. W. 417; Shea v. Ottumwa, 67 Iowa, 39, 24 N. W. 582; Madison v. Mayers, 97 Wis. 399, 40 L.R.A. 635, 65 Am. St. Rep. 127, 73 N. W. 43; 36 Century Dig. § 1429.

26 N. D.—41.

SPALDING, Ch. J.   The appeal in this case is from an order over-
ruling a general demurrer to plaintiff's complaint, and is taken by two
of the defendants, M. C. Lasell and Deitrich Suemper.   We only give
the material parts of the complaint, omitting the allegations relating to
defendants who do not appeal, and which allegations in no way affect
the remaining paragraphs of the complaint.

It is alleged first, that the city of LaMoure is a municipal corporation
under the laws of the state of North Dakota.   Paragraph 3 alleges that
the plaintiff Finch is a resident citizen, elector and taxpayer of the city
of LaMoure, and has been for a period of fifteen years, and that,
among other property owned by him in the said city of LaMoure, are
certain lots in block 46 of Northern Pacific addition thereto, and that
his home and residence for himself and family are upon a part of the
property described, and that he brings this action, not only for himself,
but for and in behalf of others similarly situated in said city of La-
Moure.

Paragraphs 4 and 5 contain similar allegations as to plaintiffs Deisem
and Field, except that their property is in other blocks in the same
addition.

Paragraph 6 alleges that, prior to May, 1883, one Wells was the
owner of certain real estate, including that contained in Northern
Pacific addition to LaMoure; that, at said time, it was contiguous to
what was known as the town of LaMoure, a nonincorporated town,
but composed of places of business and residences, and these were con-
stituent parts of a village or town in which people made their homes
and conducted their businesses; that said Wells, while said town was
growing, and for the purpose of partaking in the advantages and reap-
ing the benefits thereof, and enhancing the value of his property, and
making sales to buyers, surveyed and platted a portion of his said real
estate as a part of said town of LaMoure, in the usual manner, laying
out lots, blocks, streets, and alleys, and designating a part thereof as a
public park; that a plat of such survey was prepared by said Wells, and
the addition was named Northern Pacific addition to LaMoure; that
such plat designated all lots and blocks by number, streets and boule-
vards by name and number, and said park by name; that it was filed by
said Wells as owner in the office of the register of deeds of LaMoure
county, June 21, 1883, and, ever since that time, has remained of

record without change or alteration, until an attempted vacation of a part thereof in the year 1910, referred to later; that, during all such times, said Wells and his successors in interest in said property have taken and received all benefits and privileges from said lands being so marked and described and platted, and used as such by the people of said town, now city. A copy of such plat is annexed and made a part of the complaint.

Paragraph 8 alleges that defendant Suemper is the owner of record of a part of the real estate included in said addition described in the vacation declaration later referred to, and made a part of the complaint.

Paragraph 10 alleges that the defendant Beeber is the owner of record of that part of the real estate in such addition described as tract 3, belonging to M. C. Lasell, in the vacation declaration; a copy of which is attached and made a part of the complaint; that said Lasell is the preceding owner of record, but that both Lasell and Beeber claim to have certain interests or title therein, the extent of which is unknown to plaintiffs.

In ¶ 11, it is alleged that, subsequent to the filing of said plat of said addition, the owner proceeded to sell lots located therein, as designated in such plat, and for a period of about twenty-seven years he and his successors in interest have continued in the sale and disposition of portions of said tract in the form of lots, as shown on said plat, and with the streets, alleys, and parks of record, as designated in said plat; and that these plaintiffs purchased the property now owned by them, and described and situated in said addition, in view and relying upon said plat, and the streets, alleys, and parks thereon designated, and designation of streets, alleys, and parks; they had to these plaintiffs and others similarly situated a value, and that they parted with the consideration therefor.

Paragraph 12 alleges that, about the 5th of November, 1883, the village of LaMoure was duly incorporated under the laws of the territory of Dakota by the residents of the unincorporated town of LaMoure, and included therein was such addition, and that Wells, the owner thereof, joined and participated in such village organization.

Paragraph 13 alleges that, subsequent to the filing of said plat, and on the 5th of December, 1905, said village of LaMoure, as incorporated, was duly organized as a city under the laws of the state, and

said Northern Pacific addition was included within, and was a part of such reorganization; that there was never any protest to either the organization of the village of LaMoure or the city, or any objection made by said owner, Wells, or his successors in interest.

Paragraph 14 alleges the acceptance by the people residing in the village or town of LaMoure of said plat, with its designation of lots, etc., and such streets and alleys were used as were necessary for the uses of the inhabitants of the town; that, upon the organization and incorporation of the village of LaMoure, said plat was accepted, acted upon, and the designation of streets, etc., accepted by said town of La-Moure, which acceptance of such designation is continued in the re-organization of said village as a city; that among other acts of accept-ance by said village and city are the following: That the streets, alleys, and highways therein had been accepted and used by the pub-lic; that improvements had been made by said city in all parts of said addition; that grades for said streets, alleys, and highways had been made, public work done therein by said city; that permanent public im-provements, such as sewer mains and water mains, had been established in various parts of said addition; that sidewalks had been ordered put in, cross walks laid by said city at the expense of said city; that, until shortly prior to the institution of this action, no tax had been demanded or paid upon that portion of said plat marked and designated as streets, alleys, and highways; that no levy thereon has ever been made, and that it has at no time been considered as private property; that non-payment of taxes on said streets, alleys, and highways was continued for about twenty-seven years, and that said improvements have continued during the same period of time; that the acts of acceptance refer not only to the whole of said addition, but to the parts specifically referred to and made the subject of this action.

Paragraph 15 alleges that the streets, alleys, and highways, boule-vards and parks, contained in said addition, and as designated on said plat, have been so used for a period of more than twenty years; that more than twenty years have elapsed since the dedication of said por-tion of said real estate designated as alleys and streets, etc.; that they have been dedicated to the public use, accepted and used by the public and the said city, for the use and benefit of its inhabitants and the peo-ple residing therein; that the said city of LaMoure is now entitled to

the use of said streets, alleys, parks, and boulevards; that defendants have no title, interest, or equity thereon whatsoever.

It is alleged in ¶ 16, that the defendants, Suemper and others, including defendant Lasell, upon the 16th of April, 1910, filed in the office of the register of deeds of said LaMoure county, and had recorded, a so-called vacation declaration for a portion of said Northern Pacific addition, which vacation declaration is attached; that therein said defendants attempted to vacate a portion of said addition, regardless of the rights of plaintiffs and other citizens of the city, and of the city itself; that since the filing of said declaration, defendants have unlawfully appropriated streets and alleys of said addition to their own private use, and closed the same to the use of the public; that said defendants have plowed said streets and alleys, and asserted title and ownership of the same, and claim some right, title, and interest therein adverse to plaintiffs; that said defendants threaten to forbid the use of said streets, alleys, etc., by plaintiffs and the other residents of the city of LaMoure, the public, and the city itself, and to prevent the city of LaMoure from conducting its work of public improvements thereon.

The prayer for relief asks: First, that the defendants be required to set forth their adverse claims to the property described, particularly the streets, alleys, highways, and parks attempted to be vacated, that the validity, superiority, and priority of said adverse claims be determined; second, that the claims of defendants be adjudged null and void; third, that the title to the streets, alleys, highways, and boulevards and parks in said addition be adjudged to be in the public, for the public use of the city of LaMoure and the citizens thereof, and that the defendants be debarred and enjoined from asserting any claim or interest therein adverse to said public use and purposes; fourth, that the plaintiffs have general relief, and that defendants, their agents, etc., be perpetually enjoined from appropriating said streets, alleys, highways, and parks to their private use, and closing the same to the use of the public, and that the defendants, etc., be restrained, pending the determination of this action.

An examination of the plats referred to indicates that the attempted vacation is of about the north half of such plat; that the individual plaintiffs own a number of lots at a greater or less distance from the

vacated part, and also from a considerable park which was included in the plat, but that some of such property and the residence of one plaintiff are within less than two blocks from such park.

The declaration of vacation referred to attached to the complaint, in brief recites that the defendants Suemper, Harke, and Lasell are the owners of the property therein described, consisting of lots, blocks, etc., all of which are particularly described, and this is followed by a declaration that they vacate the plat as to certain described property, is signed and acknowledged, and was filed for record, April 16, 1910, in the office of the register of deeds. General demurrers were interposed to the complaint. These demurrers were overruled, with leave to the defendants Beeber, Harke, Suemper, and Lasell to withdraw same, and answer within thirty days after service of the order. They elected to stand upon their demurrer, and defendants Suemper and Lasell have appealed to this court from the order, and assign as error such order.

The brief of appellants is largely devoted to complaints of the insufficiency, or rather incompleteness, of the allegations of the complaint. Their objections to ¶¶ 1, 2, 3, 4, and 5 are practically conceded to be without merit. As to ¶ 6, it is complained that there is nothing which connects either of the appellants with the plat, and it is therefore contended that, if the statements were admitted to be true, they would not affect any rights plaintiffs have in the addition in question. We cannot agree with this contention. The declaration of vacation is a part of the complaint, and, while the complaint does not constitute nor contain a complete abstract of the title, showing a chain of conveyances from Wells, who platted the addition, to these defendants, the declaration of vacation alleges that they are the owners of the property which they attempt to vacate. The complaint alleges that they have taken possession and inclosed and obstructed the streets, alleys, etc., in the part of the addition which they seek to vacate. As far as the ownership goes, they were not in position to deny ownership at the time of the attempted vacation. The complaint also alleges that each of the parties at the time the action was commenced claimed an interest or title therein. It seems to be objected that the city and private individuals who are plaintiffs could not join as plaintiffs in

the action, but no authorities are cited, and the subject is not discussed. We therefore pass it.

It is said that there is no allegation showing that the city of La-Moure had any right or interest in the matter whatsoever. We think the complaint shows to the contrary. It alleges that the city had accepted the plat; that it had been used by the public; that improvements had been made in all parts of said addition by the city; that grades of the streets, alleys, and highways therein had been made; public work done thereon; that permanent improvements, such as sewer mains and water mains, had been established in various parts of said additions; that sidewalks had been ordered and cross walks laid by the city, at the expense of the city; that such improvements had continued during a period of about twenty-seven years. We think this is a sufficient statement to indicate that the city has an interest in the streets and alleys and parks of the addition, and to entitle it to maintain the action. The municipality is regarded as the representative of the public for the purpose of maintaining suits in equity or at law for the vindication of the public rights, hence the city was a proper party plaintiff in this action. Methodist Episcopal Church v. Hoboken, 33 N. J. L. 13, 97 Am. Dec. 696; Hoboken Land & Improv. Co. v. Hoboken, 36 N. J. L. 544; Lee v. Harris, 206 Ill. 428, 99 Am. St. Rep. 176, 69 N. E. 230; California v. Howard, 78 Mo. 88.

The next objection is that the allegations regarding streets, alleys, etc., affected, are too general. It is conceded that the action might be maintained if particular streets, alleys, etc., were designated. This is not ground for demurrer. At most it is an incomplete statement of facts, and the defendants' remedy was by motion to make more definite and certain, or for a bill of particulars. The complaint is sufficient when attacked by a general demurrer, if it contains allegations of facts sufficient to reasonably and fairly apprise the defendant of the nature of the claim against him. Where the allegations are simply imperfect, incomplete, and defective in form, rather than substance, the remedy is as above suggested. Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; Milwaukee Trust Co. v. Van Valkenburgh, 132 Wis. 638, 112 N. W. 1083. A large part of appellants' brief comes under the foregoing objection, so we need not make further specific reference to such parts.

It is next objected that the plaintiffs have not brought the proper action. It is claimed that it is in effect an action to quiet title. This objection might possibly be good under some statutes authorizing the bringing of actions to quiet title, but it has no merit when considered with reference to the statute of this state. It is not necessary for us to pass upon the character of the title to the streets held by the city, or the interests of the individual plaintiffs therein in this connection. It is evident that the defendants claim some interests in the streets.

Section 7519, Rev. Codes 1905, is not limited in its application, as similar provisions were formerly limited in this state, and as they may still be in some states, but it authorizes the maintenance of an action to determine adverse claims by "any persons having an estate or interest in, or lien or encumbrance upon, real property, whether in or out of possession thereof, and whether said property is vacant or unoccupied, against any person claiming an estate or interest in, or lien or encumbrance upon, the same, for the purpose of determining such adverse estate, interest, lien, or encumbrance." It therefore is immaterial as regards the right to maintain the action whether the interests of the defendants in the public streets dedicated in the plat in question are those of the holders of a title in fee, or an easement, or are simply qualified rights to the title thereto. It is likewise immaterial whether the rights of the city and plaintiffs are those of the owners of an easement only, or of a title in fee, or of a right to the use and occupation.

It is urged that the complaint contains no allegations showing that any right of any plaintiff has been violated by the defendants. There is no merit in this contention subject to the qualification which we have already discussed. The action to quiet title, if this be such an action, will lie to quiet whatever title or interest the city or the individual has in the property in dispute. Section 7519, supra. The complaint clearly shows that the defendants are asserting interests adverse to those of the public, in the streets, alleys, and public parks previously dedicated to public use.

We have now covered the objections noted in the brief of appellants to the order of the trial court, and might stop at this point, but, on oral argument, it was urged that we should announce the law regarding the right of the owner of a part of a plat to vacate it in the manner attempted by these defendants. We shall confine the decision resulting from our own research on this subject to the narrowest possible grounds.

Art. 1, chap. 32, Rev. Codes 1905, provides for laying out towns, additions thereto, and subdividing outlots. Article 3 of the same chapter relates to the vacation of plats by written declaration. Section 2940 permits the proprietors of any town, village, city, or addition thereto, to vacate the same at any time before the sale of any lots therein, by a written declaration recorded in the same office with the plat to be vacated, and that it shall operate to destroy the force and effect of the record of the plat vacated, and devest all public rights in the streets, alleys, etc., described in such plat. It further provides that, where any lots have been sold in the plat, it may be vacated as therein provided by all the owners of lots in such plat joining in the execution of the declaration.

Section 2941 authorizes the vacation of any part of a plat under the provisions and subject to the conditions of art. 3, provided such vacation does not abridge or destroy any of the rights and privileges of other proprietors in said plat, and provided that it shall not authorize the closing or obstructing of any public highways laid out according to law.

Section 2941 is the authority under which appellants claim to have proceeded in declaring the vacation of the portion of the plat referred to. The substance of these sections seems to be the same as corresponding sections of the Code of Iowa. The language is not identical, but the meaning we think is the same. It must be apparent that, when one buys a lot in a platted addition to a city, the lot itself is not the only consideration he receives. He purchases with reference to the streets, alleys, public parks, and other public conveniences incident to the lot which he purchases. He may desire a residence in an addition thus platted because of the convenience of access and egress afforded by the streets and alleys. Some of them may add peculiar value to his purchase by reason of affording direct routes to and from some point. He may prefer to reside in a particular addition because of the number and convenience of the public parks or commons to the property which he purchases. The drainage or the feasibility of constructing sewers and water mains may be of considerable importance and enter into his consideration in the purchase. These and many other elements may be controlling influences. They are among the natural and usual consid-

erations weighed by one contemplating the purchase of property in any part of a city or village. If the owner of the remaining part of the plat or of a considerable portion of it can at will, and without the consent either of interested parties or of authorities competent to pass upon such matters, arbitrarily vacate a plat or such part thereof as may include the facilities and considerations which have entered into the purchase by those who have acquired lots therein, the owner would be afforded an opportunity to injure others which the law does not recognize without their consent or a suitable consideration.

As we have indicated, the complaint in the case at bar contains a copy of the plat of this addition, which shows that a considerable tract of land, designated Spring park, was located within a short distance of the property of one of these plaintiffs; that some of the streets and alleys attempted to be vacated were continuations or parts of the same streets and alleys on which the individual plaintiff's properties were situated; and these facts were doubtless an essential part of the consideration in their purchase, as alleged. It is said in Shearer v. Reno, — Nev. —, 136 Pac. 705, the purchasers took not merely the interest of the grantor described in his deed, but, as appurtenant to it, an easement in the streets and in the public grounds named on the plat or map, with an implied covenant that subsequent purchasers should be entitled to the same rights. In that case it was held that the grantor could no more recall his easement and covenant than he could recall any other part of the consideration. They added materially to the value of every lot purchased. That case differs from the instant case in that there was no formal acceptance, and here there was an acceptance by the city as well as by the organization which preceded it. It was held that the dedication was irrevocable when third parties had been induced to act and part with value and consideration on it, and that it was not affected because the property was not at once subject to the uses designed. We commend the reading of that opinion for authorities on this question, which we need not review. However, in some material respects, the Nevada statute differs from ours.

Several Iowa authorities are cited bearing upon the case here involved. In McGrew v. Lettsville, 71 Iowa, 150, 32 N. W. 252, it is held that the term "proprietors" as used in the chapter relating to vacation of plats or parts of plats indicates the owners of the land, and not alone

the persons who originally plat the land. In Chrisman v. Omaha & C. B. R. & Bridge Co. 125 Iowa, 133, 100 N. W. 63, the court says: "It is possible that under § 918 the title of the municipality in streets and alleys may be devested, even after their acceptance, where the original plat is vacated in its entirety. Ordinarily, such action would not seriously affect any public interest, for the reason that it will not be likely to occur after any considerable improvements have been made. On the other hand, it is not reasonable to suppose that it was intended by the legislature to confer on the proprietors of a plat the power to devest a city or town of title in streets on which public moneys had been expended, without the knowledge or consent of its officers. A fair interpretation would seem to be that the public rights in the streets which may be devested are those of acquiring title by acceptance."

We construe the last sentence above as an intimation that the arbitrary vacation of a part of a plat may be only made by the proprietor prior to its acceptance by the municipality. In the case at bar, however, we need not go as far as the Iowa court seems to have gone in the case quoted. All we need consider is whether the rights and privileges of purchasers of lots in the Northern Pacific addition to LaMoure are abridged or destroyed by the vacation of the portion of the plat attempted to be vacated. While, as we have heretofore said, the complaint in this respect may be imperfect, and some of the allegations indefinite and perhaps incomplete, yet facts are charged which tend to show an abridgment of the rights and privileges of these purchasers and owners, and whether their rights and privileges are abridged or destroyed is a question for determination on trial after issues are framed. So far as the personal plaintiffs are concerned, the most that the appellants can claim under this statute is that they may arbitrarily vacate the portion of the plat of the addition, if none of the parties entitled to be heard in the premises object, and subject to the determination of the question suggested in a proper judicial proceeding. As to the city, the complaint charges facts showing that it has acquired rights which will be infringed if not destroyed by the vacation of the plat. It is true that the complaint does not specify the streets and alleys, or the portions of the plat, wherein the sewers, water mains, sidewalks, crossings, and roads have been constructed, but if it is nec-

essary to enter into these details in the complaint, the statements are only incomplete, and not bad on demurrer. The court must take the allegations for the purpose of this case as admitted by appellants, and, when so taken, they show an abridgment or obstruction of public use and rights. Our conclusion is that the order of the District Court overruling the demurrer must in all things be affirmed.