Eli McKINNEY et al., Appellees, v. L. ROWLAND, Appellant.

**MUNICIPAL CORPORATIONS:** Dissolution—Vacation of Streets—
Effect. Neither the *dissolution* of an incorporated town nor the subsequent *vacation* by the board of supervisors of the streets and alleys of such former town works any abridgment of the vested rights in private parties to use said streets and alleys.

*Appeal from Van Buren District Court.*—C. W. VERMILION,
Judge.

FEBRUARY 5, 1924.

ACTION in equity, to enjoin the defendant from occupying and obstructing certain streets in Bentonsport, Iowa. A demurrer to defendant's answer was sustained, and the defendant elected to stand upon his answer; and from the judgment entered, perpetually enjoining defendant from obstructing or occupying the streets in controversy, defendant appeals.— *Affirmed.*

*Cornell & McBeth,* for appellant.

*E. R. Mason* and *J. C. Calhoun,* for appellees.

DE GRAFF, J.—The town of Bentonsport, Van Buren County, Iowa, was platted in the year 1839, and the plat was duly filed for record in the recorder's office of said county. Thereafter the town of Bentonsport was duly incorporated, and accepted said plat, which has been recognized by its citizens in the sale of lots situate in .said town. In 1913, pursuant to statutory provisions, the corporate existence of the town of Bentonsport terminated. In 1921, the board of supervisors of Van Buren County vacated portions of certain streets described on the plat as originally accepted.

Subsequently, the defendant Rowland, in violation of plaintiffs' rights, as alleged, took possession by fencing and occupying for agricultural purposes a part of the streets so vacated, and by reason of such unlawful occupancy, as claimed by plaintiffs, an injunction is prayed to enjoin and restrain the defendant from occupying parts of said vacated streets for agricultural purposes, and to compel him to remove all obstructions from said streets, and to permit the plaintiffs or any other persons similarly situated to pass and repass through said streets. The following plat will assist in the understanding of the geography of this case:

The action of the board of supervisors involved the vacation of certain streets, as petitioned, to wit: Des Moines, Bentonsport, and Columbia, between First Street and the Des Moines River. Plaintiff McKinney alleges that he is the owner of Lots 4 and 5, Block 10, and that said lots abut upon First and Des Moines Streets. Plaintiff E. R. Mason alleges that he has a life interest in Lot 1 and the west one half of Lot 2 in Block 10. It is admitted in the pleadings that defendant Rowland owns all of Blocks 3, 4, and 5, and Lots 1 and 2 of Block 6. Immediately south of the lots owned by the defendant is Water Street, extending from Sanford Street east between the lots owned by defendant and the Des Moines River.

Plaintiffs in their petition also allege that the defendant claims to own all of the land between Blocks 3, 4, 5, and 6 to the edge of the water of the Des Moines River, and particularly Des Moines, Bentonsport, and Columbia Streets between First Street and the Des Moines River, and that he has served written notice upon plaintiff McKinney and others not to trespass in any degree upon any of the lands owned by said Rowland.

Defendant answered, denying each and every allegation contained in plaintiffs' petition except such as are admitted, and he admits the incorporation of the town of Bentonsport, the acceptance of the plat, that the plaintiffs are the owners of the

lots described in their petition, and that he is the owner of all of the blocks and lots as alleged by plaintiffs. Defendant specifically pleads the discontinuance of the incorporation of the town of Bentonsport, and sets out in his answer a copy of the records incident to the dissolution and discontinuance of the corporation of the town. Further answering, he specifically pleads the vacation of the streets in controversy by the board of supervisors of Van Buren County, and incorporates a copy of the records incident to the vacation of said streets, and alleges "that, by reason of the facts as alleged and set out, the said streets or parts thereof complained of by plaintiffs have been legally vacated, and plaintiffs now have no right, title, or interest therein or any right to enjoin the closing of said streets or the parts thereof complained of." It is further alleged by defendant in answer that the plaintiffs cannot maintain this action for injunction, for the reason that they have a plain, speedy, and adequate remedy, either by appeal from the action of the board of supervisors or by certiorari to test the legality and jurisdiction of the said board of supervisors, but have failed to resort to such remedy, and that this action is an attempt to attack the action and judgment of the board of supervisors in a collateral manner and by treating its action as a nullity.

To defendant's answer plaintiffs filed a demurrer, challenging the allegations of the answer as constituting a defense to plaintiff's petition, and specifically attacking the sufficiency of the defense pleaded with respect to the proceedings of the board of supervisors in vacating the streets in controversy, alleging "that the board of supervisors had no jurisdiction to divest the public of the right to use the streets mentioned and described in plaintiffs' petition, and that the action of the said board of supervisors in vacating said streets was without warrant of law, and therefore void." The trial court sustained the demurrer, and the correctness of this ruling is the only question presented on this appeal.

On the record before us, Bentonsport as an incorporated town ceased to exist on April 11, 1913. A municipal corporation can only be dissolved in the manner prescribed by legislative enactment, subject to constitutional restrictions, if any. 1

McQuillin on Municipal Corporations, Section 301 *et seq.;* 1 Dillon on Municipal Corporations, Section 332 *et seq.*

In Iowa, a town government may be discontinued on a majority vote of the qualified electors at an election ordered by the court. Thereupon judgment is entered discontinuing the corporation, and immediately the corporate powers cease. The court possesses full power to wind up the affairs of the extinct corporation, to adjudicate all claims against it, which must be presented within six months after notice of dissolution, to dispose of its property, to make provision for the payment of all its debts and for the performance of all its contracts and obligations, and also to order taxes levied, if necessary, collected and distributed as may be required. Sections 604 to 609, inclusive, Code of 1897.

In the instant case these things were done, and the corporation of the town of Bentonsport was discontinued in compliance to statutory provisions. The town then classified as a village or unincorporated town, but its streets, alleys, and public grounds remained in existence, and the right of the public to use such streets continued. However, they became ''a part of the road,'' subject to the control and jurisdiction of the board of supervisors of the county. Section 1507, Code of 1897; *Chrisman v. Omaha & C. B. R. & B. Co.,* 125 Iowa 133.

The well pleaded averments of defendant's answer must be considered true. This is the legal effect of the demurrer filed. Did the vacation of the streets in controversy terminate all rights in the use of said streets as public highways in all persons, including the rights appurtenant of the owners of lots and blocks within the plat originally accepted?

The vacation of the street as a highway does not have the same effect as the vacation of a regularly established public highway. In the latter case, the abandonment by the county of its easement entitles the owner of the adjoining land to resume possession of so much of the highway as originally belonged to the government subdivision owned by him or his grantors. A different rule obtains in the case of streets.

We have heretofore held that, upon the acceptance by a town of the original plat, a road described thereon became a street. *Chrisman v. Brandes, infra.* The absolute title vests

in the municipality, for the use and benefit of the public. *City of Lake City v. Fulkerson,* 122 Iowa 569; *Louden v. Starr,* 171 Iowa 528; *Hubbell v. City of Des Moines,* 173 Iowa 55; *Krueger v. Ramsey,* 188 Iowa 861; *Lerch v. Short,* 192 Iowa 576. All streets are highways, but not all highways are streets. A street may be vacated by a city or town, but a highway or county road can only be vacated by the order of the county board of supervisors. Upon the dissolution of a town, the statute imposes upon the board of supervisors the duty of caring for the highways formerly constituting the streets within the territory of the town.

The plat of an incorporated city or town takes the place of the original government subdivision, and the subdivisions thereby established are sold and conveyed by an entirely different description. Ingress and egress to the lots of plaintiff is by way of the streets. If the street is closed, his right of ingress and egress is consequently destroyed. The vacation of the street as a highway operated only as the withdrawal of the authority and jurisdiction of the board of supervisors over such highway. The street remained the same as before, and is appurtenant to the lot of plaintiff. *Ridgway v. City of Osceola,* 139 Iowa 590; *Hubbell v. City of Des Moines,* 183 Iowa 715; *Louden v. Starr,* 171 Iowa 528.

The county did not become the legal successor of the town of Bentonsport, a corporation. It is true that plaintiffs had no vested interests in the use of the streets which could not be disturbed by the lawful action of the town in vacating a street. *Chrisman v. Brandes,* 137 Iowa 433. The town, however, never acted in this particular, nor has any action been taken as by statute provided, to vacate the plat or any portion thereof. Section 918 *et seq.,* Code of 1897. The wrongful act of the defendant, as alleged, is the interference with the right of plaintiffs to pass and repass on the streets in controversy, and the right of plaintiffs is predicated on their title to certain lots and the rights therein appurtenant to the use of the streets. The character or nature of the defendant's act is immaterial, if it constitutes an unlawful interference with the rights, if any, of plaintiffs. Under the records of Van Buren County, the alleged streets in controversy have been vacated. Under the allegations of petition and answer, which defined the issues

herein, the asserted rights of plaintiffs must be predicated on the invalidity of the vacation order of the board, in so far as it denies to them the use of the streets for travel. The legal effect of the order or resolution of the board of supervisors in the premises is simply a disclaimer on its part to assume further jurisdiction in the supervision of the streets in controversy, and removes the burden of taxation incidental in keeping said streets in use or repair. Under the facts, the question of title to the vacated streets is not involved. The pertinent thing is the right, not only primary but appurtenant, of plaintiffs to the continued use of the streets, based on their title to lots situate in said plat. Upon the dissolution of the town, the power of supervision and control of the streets reverted to the board of supervisors. That power has also been terminated by the board. This, however, did not bring into existence a species of "no man's land," where the trespasser or squatter may find an abiding place and successfully resist eviction, nor did the act of the board create any reversionary interests to the streets in question in anyone. The filing of a plat dedicates to the public the streets and alleys described thereon, and the statute provides how such plat or a part thereof may be vacated so as to divest all public rights in the streets, alleys, and public grounds described therein.

"In cases where any lots have been sold, the plat may be vacated as in this chapter provided by all the owners of lots joining in the execution of the writing aforesaid." Section 918, Code of 1897.

The proprietor of a plat, as contemplated by this section, means not only those persons who originally platted the land, but all persons who have acquired title from such original proprietors. *McGrew v. Town of Lettsville*, 71 Iowa 150. It is further provided:

"Any part of a plat may be thus vacated, provided it does not abridge any right or privilege of any proprietor in said plat, but nothing contained in this section shall authorize the closing or obstruction of highways. When any part of a plat is vacated, the proprietors of the lots may inclose the streets, alleys and public ground adjoining them in equal proportion, except as provided in the next section." Section 919, Code, 1897.

Nothing of this character contemplated by the statute was done or attempted to be done. The rights of the proprietors or owners, including plaintiffs, remained in existence. No right was created in the defendant to predicate his claim of ownership in portions of the vacated streets or to exercise any right of dominion by fencing or using the portions of said streets adjoining and abutting his lots. He is not the owner of the street, and his only interest therein, as distinguished from the interest of other owners of lots in said plat, is such as may be necessary for the convenience of his property, and to provide access thereto.

It results, therefore, that the trial court correctly ruled the demurrer, and the judgment and decree entered is, therefore,— *Affirmed.*

ARTHUR, C. J., PRESTON and STEVENS, JJ., concur.

VERMILION, J., takes no part.