Wendelin EISENZIMMER, Petitioner and Appellant,

v.

CITY OF BALFOUR, a Municipal Corporation, and Other Interested Persons, Respondents and Appellees.

Civ. No. 10584.

Supreme Court of North Dakota.

July 18, 1984.

Clifford C. Grosz, Harvey, for petitioner and appellant (submitted on brief).

Michael S. McIntee, Towner, for respondent and appellee City of Balfour (submitted on brief).

VANDE WALLE, Justice.

Wendelin Eisenzimmer appealed from a "judgment" of the district court of McHenry County denying his petition to vacate a portion of the plat of the City of Balfour. We affirm the order denying the petition.

Before considering the appeal on the merits we must decide whether or not there is an appealable order before us. The notice of appeal states it is "from the Judgment entered in this action on November 1, 1983." No judgment was, in fact, entered in the case. The memorandum of opinion was issued by the trial judge on November 1, 1983, and provides, in part, that it "shall be filed with the clerk and shall serve in lieu of any other findings, conclusions or order in this matter." Orders for judgment are not appealable. See, e.g., *Piccagli v. North Dakota State Health Dept.*, 319 N.W.2d 484 (N.D.1982). Although the City has not raised any issue as to the right to appeal in this case, the right of appeal in North Dakota is statutory and is a jurisdictional matter which we may consider sua sponte. See, e.g., *State v. Gawryluk*, 351 N.W.2d 94 (N.D.1984).

Section 40–50–23, N.D.C.C., which governs these proceedings in district court, provides, in part, that "the court shall proceed to hear and determine the petition and may alter or vacate the townsite or any part thereof *and order the proceedings thereon to be recorded by the clerk in the records of the court. A certified copy of the order may be recorded in the office of the register of deeds.*" [Emphasis supplied.] A petition to vacate is a special proceeding brought before the district court pursuant to statute. In view of the statute we conclude the trial judge contemplated that the "order" was the final document and that he did not intend the term "order" to mean an order for judgment. Furthermore, because the notice of appeal states it is from the "judgment" entered on November 1, 1983, and because the memorandum of opinion and the order contained therein is the only document in the record bearing that date, we also conclude the appeal is, in fact, from the order and that the order is appealable as a final order. Sec. 28–27–02, N.D.C.C.

The facts in this matter are not in issue. Wendelin filed the necessary petition to vacate the plat of a portion of the city and gave proper notice of his intention to present it to the district court for approval as provided in Section 40–50–22, N.D.C.C. At the hearing in district court representa-

tives and citizens of the city appeared to protest the vacation. The district court concluded that the decision to grant or deny the petition was in its discretion; the petitioner had "presented no evidence of reason to grant the petition"; and that because of Wendelin's "failure to justify his petition and in light of the resistance of such a large number of the other property owners in Balfour, that the petition to vacate a portion of the plat of Balfour should be, and the same hereby is, in all things denied."

On appeal Wendelin raises two issues, i.e.: Must he show any reason or justification for the petition and should the district court have granted the petition because no evidence was introduced to show that the rights and privileges of adjoining landowners would be abridged? The issues are intertwined and we will consider them together.

Section 40–50–23, N.D.C.C., provides, in part, that the district court "may alter or vacate the townsite or any part thereof ..." Section 40–50–24, N.D.C.C., provides, in part, that any part of a plat "may be vacated ... if the vacating does not abridge or destroy any of the rights and privileges of other proprietors in the plat." In construing this provision in *City of LaMoure v. Lasell*, 26 N.D. 638, 145 N.W. 577 (1914), this court held that where a city has improved streets and alleys and has done other acts of a public nature within part of a plat attempted to be vacated, the city has acquired rights of which it cannot be deprived without its consent. The trial court in this instance found that the respondents "have failed to show that vacation of the plat as to the lots in question would abridge or destroy the rights and privileges of any of the other owners, or that it would cause the closing or obstructing of any public highways or streets." [1]

But we do not view the decision of the trial court as requiring, as a condition precedent to vacation, that the petitioner justify his reason for applying to vacate; nor do we view its decision as indicating that the trial court must grant the petition to vacate if there is no evidence that the rights and privileges of any of the other owners would be abridged or destroyed or that it would cause the closing or obstruction of any public streets. Rather, we view the trial court's decision as merely affirming that the district court has the discretion to grant or deny the petition and that these are matters which the trial judge may consider in exercising that discretion.[2] Although we question whether or not the Legislature can or did give the district court unbridled discretion to grant or deny a petition for vacation in those instances in which the vacation would not abridge or destroy any of the rights and privileges of other proprietors in the plat nor the closing of any public street, here the court was left with what apparently was a personal matter. The court found that Wendelin's reason for the petition to vacate was that he "wants to get out because of personal grudges against him." The trial court also found that Wendelin "kept cattle on the lots in question sometime last year, and the Health Department or District Health Unit became involved and ordered the cattle removed."

There is also an indication in the record that the vacation of the portion of the plat is the first step in a procedure whereby Wendelin could have the property detached from the city. Section 40–51.2–04, N.D.C.C., provides, in part, that in the event "any property for which exclusion is petitioned has been within the limits of an incorporated municipality for more than ten years prior thereto and, as of the time

---

1. Although the City argues in its brief that Eisenzimmer's continued use of the property in a feed-lot operation would decrease the value of the surrounding property and would destroy the property rights of other proprietors in the lot, the City has not argued that the findings of the trial court are clearly erroneous nor that the conclusions are in error.

2. Neither party has raised any issue as to whether or not the statutory procedures are unconstitutional as delegations of nonjudicial and legislative duties to the court. See, e.g., *City of Carrington v. Foster County*, 166 N.W.2d 377 (N.D.1969). Our opinion and this comment should not be construed as any expression on the merits of such a challenge.

of filing the petition, *is not platted* and has no municipal improvements thereon, the governing body of the municipality *shall disconnect* and exclude such territory by ordinance from the municipality." [Emphasis supplied.] If vacation of the plat is accomplished and if the other conditions specified in Section 40–51.2–04, N.D.C.C., are met, a city governing body has no discretion under the statute but must grant the petition. See *Great Lakes Pipe Line Co. v. City of Grand Forks*, 142 N.W.2d 126 (N.D.1966). Thus the only discretion to be exercised is that by the district court in determining whether or not the plat should be vacated. Because this issue was raised, although over Wendelin's objection, at the hearing we assume the trial court's reference to Wendelin's desire "to get out" because of personal grudges against him has reference to detachment of Wendelin's property from the city.

Thus it appears that the real controversy is not merely over the vacation of a portion of the plat but rather whether or not the property ultimately is to be detached from the city. If Wendelin's purpose is to ultimately obtain the detachment of the property from the city so that he might use it for purposes contrary to the city ordinances or contrary to health regulations governing property within a city,[3] the trial court could, in the exercise of its discretion, deny the vacation of the plat—the first step in forcing the City to permit the detachment of the property from the city. In such an instance the trial court weighs the merits of the position of each of the parties and does not simply exercise unbridled discretion.

We believe we must so construe the order of the trial court in this instance. The findings and the record lead us to no other conclusion. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner but an abuse of discretion by the trial court is never assumed and must be affirmatively

established. See, e.g., *Nygaard v. Robinson*, 341 N.W.2d 349 (N.D.1983). Here, an abuse of discretion has not been affirmatively established; rather, there is a rational basis for the order of the trial court, i.e., that continued use of the property contrary to the zoning regulations of the City and the health regulations of the State governing property within cities is not in the best interest of the City.

The order denying the petition to vacate is affirmed.

ERICKSTAD, C.J., and PEDERSON, GIERKE and SAND, JJ., concur.

---

**3.** Whether or not Wendelin would accomplish his purpose of freeing the property from the control of the City may be questionable in view of Section 40–47–01.1, N.D.C.C., giving a city the authority to extend the application of its zoning regulations to unincorporated territory within a certain distance of a city, depending upon the population of that city. This matter apparently was not raised during the hearing on Wendelin's petition to vacate.