## LORENZEN v. PRESTON.

1. **Town Plat**: VACATION OF. . The fact that the vacation of a portion of a town plat by agreement of the owners will, by the closing of certain streets, diminish the number of ways of access to the property of other owners, will not render such vacation invalid where there remain one or more ways which are reasonably convenient, so that no substantial right of the latter is abridged.

*Appeal from Jasper District Court.*

TUESDAY, APRIL 27.

ACTION for an injunction to restrain the defendant from enclosing certain land. The land, with other land, was formerly platted as "North Newton," in Jasper county. Lots were sold out of the plat to various individuals, and, among others, to the plaintiff. Afterward the owners of a part of the plat, including the defendant, filed in the office of the recorder of deeds an agreement for vacation of that part of the plat owned by them. The defendant then proceeded to enclose that part owned by him, which included land which had been dedicated as streets. An injunction is sought by the plaintiff upon the ground that the agreement for vacation is invalid. The court dismissed the petition, and the plaintiff appeals.

*A. K. Campbell* and *H. S. Winslow*, for appellant.

*Sankey & Cook*, for appellee.

Lorenzen v. Preston.

ADAMS, CH. J.—Section 564 of the Code provides that any part of a plat may be vacated by an agreement of the propri-etors thereof, "provided such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat." The plaintiff contends that the vacating of the part of the plat in question will, if allowed, have the effect to abridge his right by shutting up certain streets which he needs for travel. The facts are, that the plaintiff resides in North Newton, upon lots separated only by a street from the part of the plat which the defend-ant and others have agreed to vacate. This street is called Plum street. If the vacation is allowed, two streets, called Fourth and Fifth streets, running at right angles with Plum street and intersecting it near the plaintiff's residence, will be closed, so that the plaintiff's means of egress and ingress will be through Plum street and Third street, the latter inter-secting Plum street at right angles two blocks distant from the plaintiff's residence. In Plum street, between the plain-tiff's residence and Third street, a clay pit has been excavated extending across it, fifty feet wide and eighteen inches deep. In wet weather this pit is impassable. The plaintiff testifies that to make a good road across this pit would cost $200. The defendant testifies that he has been a civil engineer, and that a good road-bed can be made across the pit, twenty feet wide, for $12.

It seems to us reasonable to conclude that Plum street should and will be made passable in all conditions of the weather, whether the vacation of Fourth and Fifth streets is allowed or not, and if so, that the plaintiff has such reasonable means of egress and ingress that his right cannot properly be said to be abridged by the closing of Fourth and Fifth streets. His ways of getting out and in will of course be diminished in number. But it is impossible to vacate a part of a plat without abridging in that respect the rights of those residing upon the other part of the plat. If one or more ways are left which are reasonably convenient, so that no substantial

*(margin note:* 1. TOWN PLAT: vacation of.*)*

right is abridged, it appears to us that the agreement for vacation must be held to be valid.   As to how the plaintiff's convenience is affected  there is considerable conflict of evidence, and our minds are not left entirely free from doubt, but a careful perusal of the evidence has led us to the conclusion that the judgment must be

AFFIRMED.