FREDERICK HUBBELL et al., Appellants, v. CITY OF DES MOINES, Appellee.

MUNICIPAL CORPORATIONS: Streets, Etc.—Vacation—Action 1 for Damages—Petition. In an action by a property owner for damages for a valid vacation of a public alley adjacent to the plaintiff's property, it should be alleged and proven: (a) That the vacation was without plaintiff's consent; and (b) that compensation has not been made to plaintiff by reason of the vacation.

MUNICIPAL CORPORATIONS:   Streets, Etc.—Vacation—Damages
2   —When Action Lies. A property owner suffers no actionable in-
jury by reason of the valid vacation of an adjacent alley, un-
less he can show that, *at the time of the vacation*, his *then* use
of, and right of access to and egress from, his property was, by
reason of said vacation, substantially interfered with.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF,
Judge.

MAY 17, 1918.

THE opinion states the facts—*Affirmed.*

*Parker, Parrish & Miller,* for appellants.

*H. W. Byers, Guy A. Miller,* and *D. C. McMartin,* for
appellee.

WEAVER, J.—The plaintiffs are, and for a considerable
period have been, the owners of Lots 1 and 3 in Coliseum
Place in the city of Des Moines. This property, or that
part thereof affected by this litigation, is
144 feet in width and 278.6 feet in length,
bounded on the north by Grand Avenue and
on the south by Locust Street, which streets
are open and improved, and extend east and
west across the city. Prior to May 20, 1912, a platted alley,
16 feet in width, abutted said property on the east side. Im-
mediately east of the alley was formerly an unimproved
tract known as Lot 2, which, prior to the date named, had
been appropriated by the city for improvement as a city
park. In the year 1909, plaintiffs leased their property
above described, west of the alley, to the Des Moines Col-
iseum Company for a term of 40 years, which lease is still
in force and effect. Having secured the lease, the Coliseum
Company improved the property by erecting thereon a large
building, especially designed for use as a place for exhibi-
tions and meetings of a public character. This building is

1. MUNICIPAL
CORPORATIONS:
streets, etc.:
vacation: ac-
tion for dam-
ages: petition.

of a permanent character, and covers substantially all of the east 144 feet of Lots 1 and 3, and extends from Locust Street to Grand Avenue, with doors, exits, and entrances opening upon each of said public ways. There is, as we understand the record, no entrance to or exit from the building on the alley side. On May 20, 1912, the city, by its council, in furtherance of its design to improve Lot 2 as a public pleasure ground, enacted an ordinance vacating said alley, and placed the same under the supervision of the superintendent of parks. On February 16, 1916, plaintiffs brought this action at law to recover damages alleged to have been sustained by them because of the vacation of the alley. The city admits the enactment of the ordinance, but denies that plaintiffs have sustained any actionable injury therefrom. The cause coming on for trial to a jury, and plaintiffs having offered their testimony and rested, the court sustained defendant's motion for a directed verdict. From this order and from the judgment entered upon the directed verdict, the plaintiffs appeal.

The evidence consists: First, of maps and plats showing the location of plaintiff's property and of the alley in question; second, of stipulations of counsel that plaintiffs are the owners of said property, subject to the lease to the Coliseum Company, that the alley was lawfully established, and that, since the execution of the lease of the property to the Coliseum Company, in 1909, plaintiffs have made no use of the alley as a means of ingress to or egress from said Lots 1 and 3, Coliseum Place; third, testimony showing the location, surroundings, improvement, and use of the property and of other property in its immediate neighborhood; and fourth, testimony of several expert witnesses that, in their opinion, the vacation of the alley had the effect of depreciating the value of Lots 1 and 3, in an amount variously estimated at from $10,000 to $12,000.

We have then, to consider whether, upon the issues

joined and the evidence offered, plaintiffs made a case which they were entitled to have submitted to the jury. This inquiry suggests first an examination of the pleadings and a statement of the facts upon which a recovery of damages is sought. The petition in brief terms alleges plaintiffs' ownership of the property; the existence of the alley upon its east boundary; the due enactment by the city council of an ordinance vacating the alley; and that, by reason of such vacation, the plaintiffs have been damaged in the sum of $15,-000. There is no allegation, express or inferential, that, in vacating or closing the alley, the city acted wrongfully or in excess of its authority, or that such action was taken without the consent or over the objection of the plaintiffs. Nor is there any evidence whatever tending to show the existence of these facts. Indeed, every word of the petition and the testimony may be taken as literal truth, and yet be entirely consistent with the theory that the alley was vacated with the plaintiffs' acquiescence or consent, or upon their own request. It is stated in the petition that the vacating ordinance was duly enacted, and it is conceded that the city had the power and authority to make such an order. There is no presumption of law or of fact that such power was abused or exceeded, or that it was exercised without the plaintiffs' consent. It may be that, under the rule which obtains in this state (see *Hubbell v. City of Des Moines,* 173 Iowa 55), that damages occasioned by the vacation of a street or alley need not be ascertained and paid before such an ordinance can have effective force, no presumption will arise that a formal condemnation has been had or that claims for damages have been adjusted or settled; but it would seem equally clear that, in the absence of both allegation and proof, we may not presume that such vacation has been made in hostility to the lot owners or without their knowledge or consent, or without making due compensation for the injuries, if any, so inflicted.

The foregoing consideration affords ample ground for affirming the judgment below; but, in view of the discussion by counsel, we may go further, and say that, even if we waive the manifest failure to plead a cause of action, it is still true that the case made by the evidence has no tendency to establish any actionable injury suffered by plaintiffs. The power to vacate the alley was confessedly in the city, and the regularity of the proceeding taken by the council is nowhere challenged. There is much authority to the effect that, under such circumstances, the resulting injury, if any, to property in the vicinage affords no right of action for the recovery of damages. In this state, however, the rule has come to be recognized that damages may be recovered where it is made to appear that any particular lot or tract served by the street or alley has thus been made to suffer substantial injury of a kind other than such as it suffers in common with the neighborhood or public in general (see *Hubbell v. City of Des Moines,* supra, and decisions there cited). But in nearly every case where the right has been recognized, care has been taken to state this modification of the earlier rule with caution to prevent its unreasonable expansion. The right of access to one's real property, and of ingress to and egress therefrom, is ordinarily of substantial value, and the owner may not be deprived thereof without compensation. But rights of property must be exercised with due care and reasonable regard to the convenience of others; and streets and alleys are not provided for the peculiar or exclusive use of any individual, but for the common and public benefit. If, therefore, the vacation of a street or alley does not operate to deprive the owner of an adjacent lot of convenient access to or use of such property, or cut him off in any substantial degree from free and convenient intercourse with the public generally, or prevent the reason-

2. MUNICIPAL CORPORATIONS: streets, etc.: vacation: damages: when action lies.

able use or improvement of the property for the legiti-
mate uses to which it is adapted, then he suffers no action-
able injury. For example, in *Long v. Wilson,* 119 Iowa 267,
one of our first cases recognizing the right to damages for
the vacation of a street, it appeared that the street in ques-
tion was "the only street by which the plaintiff had conven-
ient access to his homestead." In *Borghart v. City of Ce-
dar Rapids,* 126 Iowa 313, the vacation of a part of a
public square left plaintiff's property without any outlet.
In *Ridgway v. City of Osceola,* 139 Iowa 590, 595, we said:

"If the owner still has free access to his property and
to the improvements thereon, and his means of ingress and
egress are not substantially interfered with, no damages
may be recovered."

In the *Hubbell* case, supra, the majority opinion, by
Gaynor, J., repeatedly emphasizes the proposition that the
vacation will sustain an action for damages only where it
"substantially interferes" with the free access to the own-
er's property. The court was there considering the identical
alley and identical vacation involved in the present case, and
the opinion is there expressed that, "by the vacation of this
alley, there was no substantial invasion of any right of the
plaintiffs upon which they could predicate any right for dam-
ages. Their egress and ingress have not been substantially
interfered with." Again, it is there said that:

"The vacation of this alley has not affected any sub-
stantial right of the plaintiffs of exit from or ingress to
their property; that whatever right they have been deprived
of * * * is a right to use the alley in common with the
general public. * * * There is no substantial evidence of
any damages sustained by the plaintiffs. * * * The mere
expression of the opinion that the property has been dam-
aged is not substantial proof against the physical fact that
no damage has resulted."

It appears, as we have stated, that this property has a

frontage of 144 feet on Locust Street and on Grand Avenue. That these afford all reasonably necessary access to the permanent building which covers practically the whole area is apparent from the mere statement, and this conclusion is emphasized and confirmed by the fact, that, in erecting the building extending from street to street by the side of this alley, it was not thought necessary to provide any means of passage to or from the property on that side.

The effect of this argument is sought to be avoided by the argument that, at some time in the future, the owners may conclude to replace the present building with some other structure, or make use of the premises for some other purpose for which the alley would prove a convenience of substantial value. This feature of the controversy also had consideration by the court in the *Hubbell* case, supra, and it was held by the majority that the recoverable damages, if any, are such only as are now ascertainable, and that the possibility of other and different uses of the property in the indefinite future are not to be considered. Such is the clear effect of the argument in the principal opinion, by Justice Gaynor. In the concurring opinion by Justice Deemer, the question is also dealt with in clear and specific terms. It is there said:

"The first question, then, in the case is whether or not plaintiff suffered damage different from that suffered by all people who might use the alley before its vacation. It is not claimed that the alley was actually used for ingress to or egress from the building. The building was not so constructed that it could be entered from the alley, and the only exits and entrances were on Grand Avenue and Locust Street; so that the damages, if any, from the closing of the alley were not different in kind from what they would have been had the first street running north and south immediately west of the block on which the Coliseum is located been vacated. Neither afforded a direct entrance

to the building, and the damage in either event was the same as that suffered by the public in general, save in degree. * * * This was the situation when the vacation of the alley was made, and it seems to me the damage, if any, which the owner of the lot suffered was *damnum absque injuria*, and that no action would lie to recover damages by reason of the vacation. * * * If damages be awarded in a suit at law, they will be with reference to the present use of the property; although, as the vacation will be assumed to be permanent, both past, present, and future damages may be awarded. But it is damages to the property as it then stands, and not as it might possibly be used in the great future. * * * This for the reason that it is conceded that the legislature had the power to grant municipalities the right to vacate streets or alleys. * * * If, then, one improves with reference to an alley or street, he may in some cases recover damages if it be vacated, and the damages must be based upon the condition of the property when the damage is inflicted, and not upon some possible future use. His acceptance of an easement in the' street and alley is only to the extent that he indicates that he wishes to use it; and after such acceptance he cannot have damages awarded on the theory, that, at some future time, he might want to use it in some other manner. He must take notice that, after such acceptance, the city may conclude to vacate the street or alley, * * * and if it does this before he makes the change, it is with his eyes open, and he can be recompensed only for the damage done his property at the time of the vacation. * * * *In this respect, the case differs essentially from one where physical property is taken.*"

We make the foregoing extended quotation from the earlier case touching the vacation of this alley because it states, in clear and unmistakable phrase, the proper rule which we conceive to be applicable to such cases,—a rule which, unless we are to recede from that precedent, neces-

sitates the affirmance of the judgment below in this case. We have italicised the last sentence of the quotation because it points out the fundamental distinction between damages recoverable for the actual taking of physical property for public use and damages for the taking away of an easement appurtenant to such property in a public way. The owner's title to the physical property is complete, absolute, and unconditional, except as against the sovereign power of the state, a power which is limited and restrained by constitutional guaranties; and he holds such property with the absolute right to put it to any lawful present or future use to which it may be adapted. Consequently, when the state, by an exercise of eminent domain, takes such property from him, in whole or in part, it is bound to compensate him for the damage so inflicted. In estimating such compensation, the physical condition and character of the property, its location and surroundings, its present use and improvement, and its fitness and desirability, if any, for other uses in the future, may all be considered for what they are worth as bearing upon the amount of actual damages sustained by the owner. But the owner of a city lot has no title to the alley or street on which it abuts. As one of the public, he may use it, if he so desires, in passing between the connecting streets; and, as abutting owner, he may make special use of it as an entrance to or exit from his premises; but it is a right which the municipality may terminate at any time, without liability to damages other than such as he may sustain by the withdrawal of the special right or privilege which he has enjoyed in the use of the public way as a means of convenient access or approach. While there is some sort of presumption or reasonable expectation that the establishment of a street or alley is of permanent character, yet it is not created in perpetuity, in the sense that it may not be vacated or changed according as the proper authorities may find is required in the in-

terest of the general public; and it follows, we think, of necessity that, if a lot owner finds that an alley abutting upon his property is of no present use or value to such property and proceeds to shut himself out from access on that side by erecting a solid division wall between his lot and the alley extending from street to street, he is not in position to complain if, before he changes the situation thus created by him, the city exercises its admitted right to take the alley away entirely; and this is especially true where, notwithstanding such vacation, his property is left with other abundant and convenient means of approach, ingress, and egress. Stated somewhat differently: when a lot owner so keeps or uses or improves his property as to make an adjacent alley a convenient means of access, without which he would suffer damage other than such as is sustained by the public generally, the city may not deprive him of such convenience without compensation; but the further right in the future to make the alley a valuable convenience in the improvement of his lot for other purposes, for which the existence of the alley may prove of material value, is simply the right to avail himself of such convenience, provided always that, when that time arrives, the city has not exercised its right to vacate the alley. So long as the city maintains the alley as such, the abutting owner may conform and adjust the use of his property to the convenience so provided, and will be protected therein; but his right so to do ceases when the alley is vacated, and its vacation before he has availed himself of that privilege does him no wrong for which an action will lie.

These considerations are decisive of the merits of the case, and render unnecessary any discussion of the measure of damages and other questions to which counsel have given attention, and to which we have not adverted.

The judgment appealed from is—*Affirmed.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.