W. O. RITCHHART, Appellant, v. H. H. BARTON et al., Appellees.

**MUNICIPAL CORPORATIONS:** Police Regulations—Taxicab License—Consent of Property Owner. The statutory power of cities and towns "to license and *regulate*" conveyances for hire, embraces

the power to provide by ordinance that no license to operate a
taxicab shall be granted when the applicant intends to use any
portion of the street in front of a hotel or depot as a stand for the
solicitation of business, unless the application for the license have
indorsed thereon the written approval of the owner, lessee, or man-
ager of such hotel or depot. (Sec. 754, Code, 1897.)

**MUNICIPAL CORPORATIONS: Police Regulations—Taxicab License**
2 **Not "Franchise."** The granting of a license to operate a taxicab
is not the granting of a "franchise," within the meaning of Sec.
1056-a30, Code Supp., 1913.

*Appeal from Polk District Court.*—LESTER E. THOMPSON, Judge.

MARCH 7, 1922.

ACTION in equity, to enjoin the city council of the city of
Des Moines from enforcing certain provisions of an ordinance
licensing and regulating the business of taxicab owners and
drivers. Plaintiff's petition was dismissed by the court below,
and he appeals.—*Affirmed.*

*R. P. Thompson* and *Gregory Brunk,* for appellant.

*C. W. Lyon, Russell Jordan, E. J. Frisk, C. A. Weaver, H.
W. Byers,* and *Thomas J. Guthrie,* for appellees.

STEVENS, C. J.—I. It is alleged in plaintiff's petition, and
admitted in the answer of defendants, that appellant is a resi-
dent of the city of Des Moines, and engaged in the business of
operating taxicabs for hire, soliciting passen-
gers for transportation, and transporting them
from place to place in said city.

Section 1 of Ordinance No. 2958, enacted
by the city council on or about April 30, 1920,
declares that it shall be unlawful "for any owner, operator, or
driver of any taxicab to use any part of the streets, alleys, or
other public places of the city of Des Moines for a taxicab stand,
or to stand any taxicabs on any street, alley, or other public
place in Des Moines for the solicitation of patronage, except and
unless such taxicab or cabs have the name of the owner of the
taxicab or cabs painted on both rear doors in easily read legible

1. MUNICIPAL
CORPORATIONS:
police regula-
tions: taxicab
license: consent
of property
owner.

letters not less than one and one-half inches in height, nor except and unless the owner of such taxicab or cabs, as the case may be, and the drivers or operators of such taxicabs have paid and secured the necessary licenses, both from the city and the state, and have secured the permission in writing of the owner, lessee, or manager of the property in front of which said taxicab or cabs stand."

Section 2 thereof states that:

"No license or permit to operate or drive a taxicab in the city of Des Moines shall be granted until a written application therefor is made and filed with the city council, and all applications for licenses as drivers or operators of taxicabs as defined in the ordinances of the city shall have indorsed thereon the approval and recommendation of the chief of police and superintendent of the department of public safety, *and in case said application includes a request for the right to use the space in and about any hotel or depot,* such application shall, in addition to the approval and recommendation of the chief of police and superintendent of the department of public safety, *have indorsed thereon the approval of the owner, lessee, or manager of such hotel or depot, * * *"*

The portion of the ordinance complained of is printed in italic.

Appellant further alleged in his petition that the provision of said ordinance requiring applicants for a license or permit to engage in the business of operating taxicabs in the city of Des Moines who desire to use space in and about any hotel or depot for a taxicab stand, to have indorsed upon their written application the approval of the owner, lessee, or manager of such hotel or depot is arbitrary, unreasonable, and unnecessary to the protection of either the life or safety of the citizens of said city; that the said city did not have power or authority to enact and enforce said provision of said ordinance; that same is an attempt to delegate the power of determining where and under what circumstances taxicab owners and drivers may use the streets, alleys, or other public places of Des Moines to hotel and depot owners, lessees, and managers; that same attempts to grant a franchise in the streets, alleys, and other public places in the city of Des Moines without submitting the same to a

vote of the people; and that it grants the power to the owner, lessee, or manager of hotels and depots to unlawfully and unfairly discriminate between taxicab owners and drivers in the city of Des Moines, and is, therefore, unreasonable and void.

The legislative authority for the enactment of the provisions of Ordinance No. 2958 complained of, if any exists, is found in Section 754 of the Code of 1897 and Chapter 275, Acts of the Thirty-eighth General Assembly. Section 754, so far as material, is as follows:

"They [cities and towns] shall have power to regulate, license and tax all carts, wagons, street sprinklers, drays, coaches, hacks, omnibuses, and every description of conveyance kept for hire; fix the rate and prices for the transportation of persons and property from one part of the city to another in the vehicles above named, and to require such persons to keep exposed to view, in or upon such vehicle, a printed table of the rates and prices so fixed; to establish stands for hackney coaches, cabs, omnibuses, drays and express wagons, and to enforce the observance and use thereof; * * *"

Section 28, Chapter 275, Acts of the Thirty-eighth General Assembly, is, in part, as follows:

"The powers now or hereafter vested in local authorities to license and to regulate the operation of vehicles offered to the public for hire, and to regulate the use of the highways for processions or assemblages, shall remain in full force and effect, and all ordinances, rules and regulations which may have been or which may be hereafter enacted in pursuance of such powers, shall remain in full force and effect."

The power to regulate the business of all forms of conveyance for hire on the streets of cities and towns, delegated by Section 754, is very broad and comprehensive. The validity of the present ordinance is assailed only upon the theory that the power to enact the provision already referred to is not specifically delegated to cities and towns, and does not exist by implication. Whatever the legislature may itself do in the matter of regulation and control of streets in cities and towns, it may delegate to such municipality. *Huston v. City of Des Moines*, 176 Iowa 455. The term "to regulate," as used in the statute, includes the power to prescribe all reasonable rules, regulations,

and conditions upon which the business of taxicab owners and drivers shall be licensed or permitted upon the streets of municipalities. It is a very broad import of power. *City of Madison v. Southern Wisconsin R. Co.,* 156 Wis. 352 (146 N. W. 492). The ordinance does not, upon its face, discriminate against licensed taxicab owners, nor does it attempt to delegate to hotel owners, lessees, or depot managers the power to fix or determine where and under what circumstances those engaged in the business of operating taxicabs in the city of Des Moines may use the streets thereof in the conduct of such business, as claimed by appellant. What the ordinance does, in effect, provide is that no owner or driver of a taxicab shall be licensed to use any portion of the street in front of any hotel or depot as a stand for the solicitation of business without the consent of the owner or lessee of such hotel, or the manager of such depot. The power of municipalities to determine and fix the location of taxicab stands upon the streets thereof is clearly, if not specifically, delegated by Section 754 of the Code. If the provision of the ordinance assailed by appellant is invalid, it is because the written approval of the hotel owner or lessee or depot manager in front of whose property the applicant for a license or permit desires to establish a taxicab stand, must be indorsed on such application before a license or permit will be granted. The ordinance recognizes the universal rule that the owner of property abutting upon a street has rights therein not shared by the public at large,—for example, the right of unobstructed ingress and egress. *Long v. Wilson,* 119 Iowa 267; *Ridgway v. City of Osceola,* 139 Iowa 590; *Western Newspaper Union v. City of Des Moines,* 157 Iowa 694; *Wendt v. Incorporated Town of Akron,* 161 Iowa 338, 343; *Bryan v. Petly,* 162 Iowa 62, 64; *Bradford v. Fultz,* 167 Iowa 686, 701; *Hubbell v. City of Des Moines,* 183 Iowa 715, 720; *Donovan v. Pennsylvania Co.,* 199 U. S. 279 (50 L. Ed. 192); *Lockwood v. Wabash R. Co.,* 122 Mo. 86 (26 S. W. 698); *Schopp v. City of St. Louis,* 117 Mo. 131 (22 S. W. 898).

But few authorities bearing upon the right of municipalities to require the consent of hotel owners or lessees and depot managers to be indorsed upon applications for permission to maintain taxicab stands in the street in front of hotels or depots are

cited by counsel upon either side, and independent research by the writer has resulted in finding but few decisions in other jurisdictions upon this point; but such as have been brought to our attention fully sustain similar provisions of city ordinances. *Mader v. City of Topeka,* 106 Kan. 867 (189 Pac. 969) ; *McFall v. City of St. Louis,* 232 Mo. 716 (135 S. W. 51) ; *City of New York v. Reesing,* 77 App. Div. 417 (79 N. Y. Supp. 331) ; *Yellow Taxicab Co. v. Gaynor,* 159 App. Div. 893 (144 N. Y. Supp. 299); *City Cab, C. & T. Co. v. Hayden,* 73 Wash. 24 (131 Pac. 472) ; *Waldorf-Astoria Hotel Co. v. City of New York,* 212 N. Y. 97 (105 N. E. 803) ; *Branahan v. Hotel Co.,* 39 Ohio St. 333.

While distinctions may be drawn between some of the above cases and the facts of the case at bar, they all tend in principle to sustain the validity of the ordinance in controversy. It will be observed that the Supreme Court of Missouri, in the *McFall* case, holds that an ordinance authorizing the maintenance of hack stands in front of private property, without the owner's consent, would be invalid; whereas the New York Court of Appeals, in the *Waldorf-Astoria Hotel* case, held that a similar ordinance which provided that a space of 30 feet be left in front of the entrance to the hotel was valid, for the reason that it did not interfere with the private right of the owner of the hotel to unobstructed ingress and egress. The provision of the ordinance in question must be upheld, if the specific power to enact same has been delegated by the legislature of this state to municipalities, or if it is not an unreasonable regulation under the powers delegated, although not specific. The evidence shows that, prior to the enactment of Ordinance No. 2958, users of taxicabs in the city of Des Moines were overcharged and otherwise imposed upon by unscrupulous taxicab drivers, and also that the conduct of certain of them in front of depots was such as to practically amount to a nuisance. The evident design of the city council, in the enactment of this ordinance, was to provide better control and regulation of the taxicab business, as well as better protection to travelers and citizens generally. The ordinance clearly does not contemplate arbitrary action or discrimination . upon the part of hotel owners, lessees, or depot managers, but only that the space upon streets in front of hotels

and depots, or adjacent thereto, shall not be obstructed unduly by taxicab owners and drivers, and that reasonable access and exit therefrom shall not be prevented or obstructed. The number of applicants for consent to maintain taxicab stands in front of a given hotel or depot may be so numerous that, if all were granted, the space reasonably available therefor would be overcrowded and the street congested so as to interfere with the right of the public to the use of the street, as well as the right of the owner or manager to free ingress and egress. The provision of the ordinance requiring the consent of the owner of the property in front of which it is proposed to maintain a taxicab stand, before a license or permit will be granted to an applicant therefor, is, in our opinion, in all respects reasonable, and clearly within the general powers delegated to municipalities by Section 754, to regulate the business in question.

II. The only other point urged by appellant requiring special consideration, and possibly not covered by what has already been said, is his contention that the ordinance is void

2. MUNICIPAL CORPORATIONS: police regulations: taxicab license not "franchise."

upon the ground that it attempts to grant a franchise without submitting the proposition to a vote of the people. Some claim is also made that the ordinance is unconstitutional; but no such issue was tendered by the pleadings. It is too manifest that the grant by the city council to taxicab drivers of the right to use the streets for the business thereof is not in the nature of a franchise, under the provisions of Section 1056-a30 of the 1913 Supplement to the Code, to require discussion. The statute here cited refers to the use of streets and other public places for interurban or street railways, gas or waterworks, electric light or power plants, heating plants, telegraph or telephone systems, or other public service utilities. The taxicab business has never been classified as a public service utility.

The relief sought by appellant is injunctive only, and is based upon his contention that certain provisions of the ordinance necessary to be complied with by applicants for a license to maintain taxicab stands upon the public streets in front of hotels and depots, as a condition precedent to the granting thereof, are invalid, because unauthorized and unreasonable, and an unwarrantable exercise of the police power of the munici-

pality. We hold that the ordinance is not invalid upon any of these grounds.

As to the validity of other provisions of the ordinance, not involved in the foregoing discussion or in the points decided, we express no opinion. We reach the conclusion that the provision of the ordinance complained of is valid, and may be enforced by the municipality.—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.