A. T. STOESSEL, Appellant, v. CITY OF OTTUMWA et al., Appellees.

No. 44950.

JANUARY 16, 1940.

W. W. Rankin, for appellant.

Herman J. Schaefer, for appellees.

BLISS, J.—The appellant acquired Lots five and eight in Block four of Evans and Root's Addition to Ottumwa about ten years ago. Lot eight is in the northeast corner of the block and Lot five abuts it on the south. Carlisle street, 45 feet wide and improved, extends north and south on the east side of the block. Chester avenue extends east and west on the south side of the block, and Ferry street, 60 feet wide, extends north and south on the west side of the block. A 12-foot alley extends through the center of the block, north and south, immediately west of and abutting on appellant's lots. When the addition was platted and dedicated in 1886, an 8-foot alley was laid out between Carlisle and Ferry streets just north of Block four and appellant's Lot eight. Prior to 1918 there was a hole at the east end of the alley interfering with travel, but this was filled in 1918, and since then the alley has been opened and used, until some time prior to April 27, 1936, when an ordinance was passed vacating the alley, and on the latter date it was conveyed by quitclaim deed to the appellee Newton Wilson. The grantee then closed the alley by fencing it as a part of his unplatted acreage lying immediately to the north.

The appellant had previously improved Lot eight with a residence, and also outbuildings. The latter abut on the 12-foot alley on the west side. By closing the 8-foot alley on the north, the west alley becomes a dead end at the northwest corner of Lot eight. Prior to closing the alley a vehicle, by cutting the corner of the lot, could pass from one alley to the other. Now a vehicle must back south to Chester avenue, or be turned upon the back part of appellant's lots. There was evidence that the appellant is inconvenienced in the use of his lots to that extent. He has access to his property in front from Carlisle street, and in the rear through the 12-foot alley from Chester avenue.

The trial court held that the city had not abused its discretion in the vacation, sale and closing of the alley.

The appellees have filed nothing in this court, and the case was not argued orally. Under sections 5938, 6205 and 6206 of the Iowa Code, 1935, a wide discretion is vested in cities and towns in the opening, control and vacation of streets and alleys. While the exercise of this power is not unlimited, yet where it is exercised in good faith, and for what it believes

to be the public good, the courts will not interfere in the action of the municipality. Such interference is justified only in a clear case of arbitrary and unjust exercise of the power. As stated in Spitzer v. Runyan, 113 Iowa 619, 621, 622, 85 N. W. 782, and referred to or quoted with approval in Walker v. Des Moines, 161 Iowa 215, 142 N. W. 51; Louden v. Starr, 171 Iowa 528, 538, 154 N. W. 331:

"While the power to vacate is not arbitrary, and may to some extent be controlled by the courts, the cases are exceptional where such interference is authorized. McLachlan v. Town of Gray, 105 Iowa 259 [74 N. W. 773] * * * Ostensibly, the vacation and conveyance of the streets and alleys * * * were for the public good. Where no fraud is charged, the determination of such a question is within the discretion of the council, and not subject to control by the courts."

There was testimony .that children living further west used the alley in going to and from school. Otherwise there was little interference with any right of the public. The appellant still has ingress and egress to his property at both front and rear, which are reasonably convenient. He improved Lot five after the alley was closed. In our judgment the vacation of the alley does not deprive the appellant of the convenient and reasonable access to or from his property or its use, in any substantial degree. Lorenzen v. Preston, 53 Iowa 580, 5 N. W. 764; Krueger v. Ramsey, 188 Iowa 861, 175 N. W. 1; Hubbell v. Des Moines, 183 Iowa 715, 167 N. W. 619; Wegner v. Kelley, 182 Iowa 259, 165 N. W. 449.

The decree is therefore affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, OLIVER, SAGER, HALE, MILLER, and STIGER, JJ., concur.